## In re BANQUE FRANCAISE du COMMERCE EXTERIEUR, Plaintiff,

v.

## RIO GRANDE TRADING, INC., Defendant.

**Bankruptcy No. 81–01653–BB.**
**Adv. No. 81–0808–BB.**

United States Bankruptcy Court,
S. D. Texas,
Houston Division.

Dec. 30, 1981.

Barry H. Snowden, Morris, McCanne, Tinsley, Snowden, Ellis & Wilson, Houston, Tex., for Banque Francaise du Commerce Exterieur.

Leonard H. Simon, Baker & Botts, Houston, Tex., for South Louisiana Production Co., Inc.

Kenneth R. Wynne, Bracewell & Patterson, Houston, Tex., for Marc Rich & Co., Intern., Ltd.

## MEMORANDUM OPINION

WILLIAM M. SCHULTZ, Bankruptcy Judge.

The matter before the court is a Complaint to Lift the Stay filed by the Banque Francaise du Commerce Exterieur (hereinafter referred to as BFCE) against Rio Grande Trading, Inc. (hereinafter referred to as Rio Grande), the debtor in a voluntary Chapter 11 case filed on May 26, 1981. BFCE is requesting a modification of the stay to permit it to initiate a lawsuit in Paris, France against the debtor pursuant to a choice-of-forum clause in the contract between the debtor and BFCE. The question is whether the pervasive and original jurisdiction of the Bankruptcy Court is abrogated by an exclusive forum clause in an agreement.

BFCE and the debtor, Rio Grande entered into the following stipulated findings of fact:

By a commitment letter dated April 24, 1981, Rio Grande requested BFCE to issue standby letters of credit in favor of certain

of Rio Grande's suppliers of crude oil, which standby letters of credit were to be repaid from the proceeds of resale of the oil to Rio Grande customers. The April 24, letter stated that "the present agreements are governed by French law."

BFCE asserts by letter of assignment dated May 4, 1981, Rio Grande assigned and sold various accounts receivables in return for the standby letters of credit. The May 4, letter stated "this agreement is to be governed by and construed in accordance with the laws of France. All disputes arising in connection with the present agreement shall be submitted to the exclusive jurisdiction of the Tribunal of Commerce of Paris." By virtue of the April 24 and May 4 letters, the alleged specific assignment and sale of receivables by Rio Grande to BFCE, provided payment of receivables would be directed to BFCE, New York for the account of BFCE, Paris. The total amount of Receivables was $6,436,287.50. On or about May 5, 1981, BFCE issued standby letters of credit by order and for account of Rio Grande in favor of Kern County Refinery, Inc., Basin, Inc. and La Jet Crude Oil, Inc. aggregating $6,791,-300.00. When Rio Grande failed to pay its obligations due, BFCE, on or about June 24, 1981, paid the beneficiaries under the standby letters of credit. The differential between the accounts sold to BFCE and the letters of credit funded by BFCE is $783,-242.77.

BFCE seeks to lift the 11 U.S.C. § 362 stay to commence and prosecute an action in the Tribunal of Commerce of Paris against Rio Grande to determine its rights in accordance with the forum selection clause in the letter of assignment as related to the standby letters of credit issued by BFCE for the account of Rio Grande. Rio Grande, the defendant in this adversary proceeding, entered into a compromise of the controversy and made application to the court for approval of the compromise. March Rich & Company, International, Ltd. (hereinafter referred to as Richco) and South Louisiana Production Co., Inc. (hereinafter referred to as Slapco), creditors of the debtor, filed a request for hearing and objection to the application to compromise controversy. A hearing was held on their objection. The court denied approval of the compromise provided the objecting creditors indemnified the estate by the amount of the benefit the debtor would realize in a compromise with BFCE, and would bear the costs and expense of litigating the § 362 complaint. The court granted Richco's motion to intervene in the lawsuit. Richco filed an answer placing in issue many of the stipulated facts entered into by the debtor and BFCE, and also asserted a counterclaim pursuant to 11 U.S.C. § 547(b).

At the preliminary hearing under § 362, the court severed the counterclaim from the lawsuit, and proceeded on the complaint to lift the stay. After hearing testimony on the facts and the legal arguments of counsel, the parties were given an opportunity to further brief the pivotal issue of the enforceability of the forum selection clause.

 It is the Court's opinion that the forum selection clause in the May 4, letter is unenforceable. 28 U.S.C. § 1471(b) provides:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11.

(c) The bankruptcy court for the district in which a case under Title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

This section grants the United States Bankruptcy Court original but not exclusive jurisdiction of the dispute involving the debtor's alleged failure to pay its obligations. However, § 1471(d) continues in pertinent part:

Subsection (b) . . . of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11 . . . .

Under this sub-section BFCE failed to establish that it is in the interest of justice for the bankruptcy court to abstain from hearing this particular proceeding. The existence of a forum-selection clause by itself is not a sufficient showing that justice would be best served by the bankruptcy court's abstaining.

■ The Supreme Court in *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) held that forum selection clauses are specifically enforceable unless it can be shown that enforcement would be unreasonable or unjust, or that the clause was invalid due to fraud or over-reaching.

Against that background, the Supreme Court went on to limit its holding:

> "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Zapata*, 407 U.S. at 15, 92 S.Ct. at 1916.

Congress by enacting 28 U.S.C. § 1471 has created a strong public policy in favor of a pervasive grant of jurisdiction to the bankruptcy court. In order to limit that jurisdiction and allow litigation in a different forum, the parties must establish that justice would be best served by the court abstaining. As stated, the mere existence of a choice-of-forum clause does not fulfill that requirement. It would be contrary to the theme of the Bankruptcy Reform Act to permit parties by agreement to defeat the jurisdiction of the court. However, circumstances could exist under which the bankruptcy court will enforce such a clause and abstain from hearing a case, but not here.